STATE EX REL. WILLIAM B. HULL *vs.* WILLIAM H. HILLARD.

By statute each town at its annual meeting is to elect, not exceeding seven, selectmen. By a later statute, in the absence of any special appointment, the "first selectman" of any town is to be the "agent" of the town. Held that the office of "first selectman" was not created by the latter statute, and that the duty was not imposed upon the town of electing one of the selectmen by that designation.

At an annual town meeting two tickets for selectmen were voted for, the name of *H* standing at the head of one and that of *W* at the head of the other, but neither was designated on the ticket as "first selectman." Both were elected, but *H* stood first on a plurality of all the votes cast. The moderator of the meeting, however, in announcing the result, read the name of *W* before that of *H*, and their names were written by the town clerk upon his record of the election in that order. Upon an application for a mandamus in the name of the State at the relation of *H*, to compel the town clerk to amend his record by recording *H* as elected "first selectman," it was held, reversing a judgment below, that there was no duty resting upon the town clerk to make such a record.

Whether, if the order of the court below had been for a correction of the record by placing the name of *H* before that of *W* in the order in which they were recorded, such an order would not have been a proper one :—*Quære.*

APPLICATION for a mandamus, to compel the respondent, the town clerk of the town of North Stonington, to correct a record made by him of the election of selectmen of the town; brought to the Superior Court in New London County, by the Attorney for the State, at the relation of William B. Hull.

The application alleged " that at the annual meeting of said town, held on the first Monday of October, 1874, the said William B. Hull was legally chosen by said town to the office of first selectman of said town for the year then next ensuing; and thereupon it became and was the duty of the said William H. Hillard, who was the town clerk of said town, to make a record of said choice in the records of said town; but the said Hillard has wholly disregarded his duty in this behalf, and has at all times hitherto refused, and still does refuse, though often requested by the said Hull, and especially on the 5th day of November, 1874, to make such record; and by means thereof the said Hull has been and is wrongfully and unjustly prevented from entering upon and performing the duties of the office aforesaid and wholly excluded from the possession of the same."

The respondent in his answer alleged that " at the said town meeting held on said first Monday of October, 1874, the following persons were voted for, for the office of selectmen: Samuel B. Wheeler, Alfred Clark, Andrew Avery, William B. Hull, Orrin B. Allen, and Nathan S. Edgecomb, Jr.; that said persons were voted for as selectmen, with no designation of who should be first, second, or third selectman, and that the votes for said selectmen were counted, and thereupon the moderator of said meeting announced that the following were elected selectmen, to wit, Samuel B. Wheeler, Andrew Avery, and William B. Hull, and declared them elected in that order; and the respondent recorded the said election vote and proceedings in the manner in which it was declared by the said moderator and in accordance with the minutes of said moderator. That no officer was voted for as first selectman on said first Monday in October, nor was any such officer reported to him as being elected other than that the said selectmen were declared elected as aforesaid, and that he truly recorded

said election vote and proceedings, and that it was not his duty to make any other or further record than he had made as aforesaid."

The following facts were found by the court upon the pleadings:—

The town of North Stonington, at its annual town meeting, held on the first Monday of October, 1874, elected three selectmen as its complement, three persons being voted for on each ballot. Two different tickets or lists of candidates were in the field, and voted for, for selectmen. One of these was headed by and bore the name of William B. Hull, the relator, first on it, but said Hull was not otherwise designated on the ticket as a candidate for first selectman than by his name standing first, or at the head of the ticket. The other ticket was headed by, and bore the name of, Samuel B. Wheeler, first on it, but said Wheeler was not otherwise designated on the ticket as a candidate for first selectman than by his name standing first, or at the head of the ticket. Upon a single other ballot the name of some other person stood first. On closing the ballot box the count disclosed the fact that the name of William B. Hull stood first on a plurality of such ballots, cast at the meeting; and that said Hull, said Wheeler, and Andrew Avery, were elected selectmen. The moderator of the meeting, in declaring the result of the balloting as given him by the counters, read the name of Wheeler first, that of Avery next, and that of Hull last. The respondent Hillard, as town clerk of the town, in recording the result of the balloting, recorded the names of the persons elected selectmen in the order above mentioned.

At the same meeting Roger G. Avery was by special appointment and election chosen town agent, and was recorded as so elected.

On these facts the court (*Hitchcock, J.,*) found said Hull to have been duly elected at said balloting first selectman of said town; and thereupon ordered that a peremptory mandamus issue, directed to the respondent Hillard as town clerk of said town, commanding him without delay to make a record in the record books of said town, that at the annual town meeting of

said town, held on the first Monday of October, 1874, said William B. Hull was elected first selectman of said town.

The respondent brought the record before this court by a motion in error.*

*Wait* and *Pratt*, for the plaintiff in error.

*Hovey* and *Halsey*, for the defendant in error.

PARK, C. J.  We think there is manifest error upon this record.  The defendant, as town clerk of the town of North Stonington, was ordered by the court below to make an entry upon the records of the town, that the relator was duly elected first selectman of the town at the annual town meeting held on the first Monday of October, 1874.  If the relator was duly elected first selectman, then manifestly there must have been an office of that character to be filled.  The statute in existence at that time in relation to the election of selectmen, reads as follows: "The inhabitants of each town qualified to vote, shall, at the annual town meeting choose a convenient number, not exceeding seven, to be selectmen of the town."  Revision of 1866, page 101.  It is not pretended that this statute creates the office of "first selectman," as distinct from the office of selectman generally, or requires the voters of the town to elect one of the selectmen as "first selectman." It is not claimed that any other statute prescribed additional

---

* The statutes affecting the case, in force at the time of the town meeting in question, were as follows:

"The inhabitants of each town, qualified to vote, shall, at the annual meeting, choose a convenient number, not exceeding seven, to be selectmen, a town clerk, a treasurer, a registrar, constables, surveyors of highways, collectors of town taxes, grand jurors, haywards, gaugers, packers, sealers of weights and measures, weighers, pound keepers, and other ordinary town officers, for the year ensuing." General Stat. 1866, tit. 7, § 23.

"In the election of town officers, the persons receiving a plurality of votes for the respective offices, shall be declared elected, and the election of selectmen and town clerks by the towns, shall be by ballot;" id., § 24.

"In the absence of any special appointment, the first selectman of any town, and the first trustee or committee man of any religious, ecclesiastical, literary or eleemosynary society, and the committee of any school district, shall be agent, *ex-officio*, of his respective community or corporation;" id., tit. 7, § 233.

duties to be performed by the voters of the town on that day. All their duties were imposed by this statute, and by it the transactions of that day were to be governed. When the day therefore had ended, and the town clerk had recorded all that had been prescribed by and done under the statute, how could it be said that he had not performed his full duty? How could he be in fault in not making a record that one of the selectmen had been elected as "first selectman," when the statute does not mention such an office to be filled, and no elector had cast a vote for any such officer, and the moderator of the meeting had not declared any such officer elected?

But it is said that another statute declares that in the absence of any special appointment the first selectman of any town shall be agent *ex-officio* of his respective town. Revision of 1866, page 138. But what has this statute to do with the elections on the first Monday of October, or the duties of the town clerk in recording the officers elected on that day? This statute merely provides for a town agent for such towns as have not seen fit to elect special agents. It might just as well have provided that in the absence of any special appointment the oldest elector of any town should be its agent. If there were such a statute would it be the duty of the town clerk to make a record of the fact that a certain elector was the oldest elector of the town, determining the fact for himself? And especially why should this be done when the town had, as it is found it had here, an agent specially appointed? And would his determination be conclusive in the matter, so that his record of it would be final and authoritative?

The error of the relator lies in the fact that he considers this statute as declaring that there was such an officer as first selectman, whereas it merely provides that in a certain event the selectman elected by a plurality of votes, standing first on the lists of candidates voted for to fill the office of selectmen, shall, *ex-officio*, (that is, by virtue of his office as selectman,) be town agent of his respective town. Suppose the relator had a plurality of all such votes, as he claims to have had, but had failed to receive a plurality of all the votes polled for the office, would he have been elected a selectman? He

certainly would have been elected, if there had been such an office as that of first selectman to be filled, but there being no such office, it is very clear he would not have been elected a selectman. Take this very case. The relator says that Wheeler and himself were voted for to fill the office of first selectman, and that he, the relator, was elected; how then does it happen that Wheeler was elected selectman at all? He was not voted for to fill two separate and distinct offices; if such had been the case the votes for the one office would not have been counted for him in regard to the other, and he would have failed of an election as selectman.

We are satisfied that on the first Monday of October, 1874, there was no such office in the town of North Stonington to be filled as that of first selectman, and that consequently no such officer was elected on that. day; and of course therefore the town clerk had no record to make of the election of any such officer.

If the order of the court below had been to record the selectmen elected on that day in a different order, so that the name of the relator would stand first on the list of selectmen as recorded, a different question would have been presented for our consideration. We have no occasion to express an opinion upon this question, and we therefore do not consider it.

There is manifest error in the judgment complained of, and it is therefore reversed.

In this opinion the other judges concurred.