Brown *v.* Blake.

———— ◆◆◆ ————

| 46 | 549 |
| 75 | 465 |

### Roswell W. Brown *vs.* Thomas J. Blake.

The statute (Gen. Statutes, tit. 3, chap. 3, sec. 2,) which provides that, of the persons elected selectmen, the person first named on a plurality of the ballots shall be the first selectman, is to be regarded as establishing the office of first selectman.

Petition to Judge Carpenter, as a judge of the Superior Court, to be declared elected to the office of first selectman; brought under the provisions of the act of 1878. The alle-

gations of the petition found true, and judgment rendered for the petitioner. Motion in error by the respondent. The case is sufficiently stated in the opinion.

*G. G. Sill* and *E. H. Hyde, Jr.*, for the plaintiff in error.

*H. C. Robinson*, with whom was *J. L. Barbour*, for the defendant in error.

PARDEE, J. The statute (Revision of 1875, chap. 3, sec. 2, page 24,) provides that "of the persons elected selectmen the person first named on a plurality of the ballots cast for them or any of them shall be the first selectman.".

At the annual town meeting held in Hartford in October, 1878, for the election of town officers, the respondent was declared to have been named first upon a plurality of the ballots cast for selectmen, and to have been elected to the office of first selectman of the town for the term commencing on the first Monday of January, 1879.

This petition is authorized by the statute, (Session Laws of 1878, chap. 102, page 326,) which provides that " any person claiming to have been elected selectman    *    *    of any town,    *    *    but not so declared, may within sixty days after the time of holding the election bring his petition to any judge of the Superior Court, alleging the facts upon which such claim is founded,    *    *    and such judge shall thereupon hear and determine said petition, and his decision thereon shall be conclusive." The petitioner alleges that he was named first upon a plurality of the ballots legally cast at said election for selectmen, and asks the court to grant him a certificate of election as first selectman. Upon hearing the court found the allegation true and granted the prayer. The respondent filed a motion in error, in effect assigning as error the decision of the court that there is such an office as that of first selectman.

From time immemorial that member of the board of selectmen of the several towns in this state whose name stood first upon a plurality of the ballots cast for such board, has been spoken of by the people as the first selectman. He performs

more labor and receives more pay than any one of his associates. Moreover, the legislature mentioned the name and place, and annexed to it duties and powers contingently, the statute (Revision of 1875, chap. 5, sec. 1, page 90,) providing that in the absence of any special appointment the first selectman of any town shall be the agent *ex officio* of the town. But in *State ex rel. Hull* v. *Hillard,* 42 Conn., 168, it was in effect decided that there must be a distinct creation of the office before it could receive judicial recognition. It resulted that there was a place with which went duties, powers, and the right to emolument, true insignia of an office, lying beyond the reach of the judicial arm. There remained therefore a reason for further legislative action for the formal creation of the office, thus compelling all claimants to come into the judicial forum and abide the judgment of a court. We think this has been done, and, for the reason suggested, by the statute of 1875 above cited. We are shut up to this conclusion unless we impute to the legislature the intention to do no more than to give a name empty of meaning or power.

There is no error in the judgment complained of.

In this opinion the other judges concurred.